IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>**JOSEPH LEYVA** and )<br>**PATRICK GILMAN**, )<br>)<br>        Defendant. ) | Cr. No. 20-CR-1902 MLG |

### UNITED STATES' RESPONSE TO DEFENDANT PATRICK GILMAN'S MOTION TO SEVER DEFENDANTS

The United States respectfully submits this response in opposition to Defendant Patrick Gilman's Motion to Sever Defendants (Doc. 155). The Court should deny Defendant Gilman's motion because he has failed to overcome the well-established presumption in the federal system for joint trials of persons who are charged together. Defendant Gilman has not pointed to any substantial threat of prejudice that he would suffer from a joint trial. Further, any minimal prejudice would be heavily outweighed by considerations of judicial efficiency and can be cured through appropriate jury instructions.

### BACKGROUND

Defendant Patrick Gilman is charged with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. 922(g)(1) and 924. Doc. 15. Defendant Gilman and Defendant Joseph Leyva were properly joined within the meaning of Fed. R. Crim. P. 8(b) in that the Defendants are alleged to have participated in the same or similar series of acts or transactions constituting the offenses charged in the indictment. Defendant Gilman filed a Motion to Sever Defendants on December 4, 2023. Doc. 155. Defendant Gilman claims that (1)

he will be prejudiced by the joinder of defendants or counts (*id.* at 4-6), and (2) the charges in the same indictment were improperly joined (*id.* at 7-10).

In response, the United States submits that (1) any prejudice that Defendant Gilman may suffer from the joinder of defendants or counts can be cured through the appropriate jury instructions, and (2) because the Defendants are "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting the offense or offenses[,]" the charges were properly joined.

The United States estimates that the presentation of its case-in-chief will require approximately four days. The United States does not know how much additional time Defendants might need to present their defenses, or how much time rebuttal would take. The case will require many witnesses to travel from other parts of the state, such as Clovis, NM, which is over three hours away from the United States District Court courthouse in Albuquerque, New Mexico,[1] and from the state of Arizona.[2] Severing the trials of Defendants would necessitate bringing all of these witnesses to court on two separate occasions, at substantial expense to the government and inconvenience to the witnesses themselves. Holding two trials would require a complete re-presentation of the evidence and it would also duplicate much of the evidence presented in support of each count. At *least* the following categories of evidence pertain to both counts: evidence of the high-speed chase of the Defendants in which the Defendants shot at a state trooper; evidence of the search of Defendant Leyva's vehicle where the firearms were located; and expert testimony on the interstate nexus and toolmark analysis of the firearms and ammunition found at the scene.

---

[1] According to Google Maps, Clovis, NM is 222 miles away from Albuquerque, NM.
[2] Forensic Scientist Raman Sandhu-Kirmer is currently employed in Mesa, Arizona and will need to travel to the District of New Mexico for trial in this matter.

ARGUMENT

**A. Defendant Gilman fails to overcome the presumption in favor of joint trials for codefendant.**

Defendant Gilman seeks severance of his case pursuant to the Federal Rule of Criminal Procedure 14(a). *See* Doc. 155 at 4. However, under *Zafiro v. United States*, 506 U.S. 534 (1993), its progeny, and the considerations required by Rule 14(a), the balance weighs heavily against any severance of co-defendants.

A joint trial in this case, with its single set of facts and witnesses applicable to both Defendants' charges in the shared indictment, is the "strong[ly] presum[ed]" default. *United States v. Zar*, 790 F.3d 1036, 1043 (10th Cir. 2015). Joint trials of defendants who are indicted together are preferred, because "they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Hall*, 473 F.3d 1295, 1301-02 (10th Cir. 2007) (quoting *Zafiro*, 506 U.S. at 537). Joint trials are also preferred where, as is the case here, "the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *United States v. Cortes-Gomez*, 926 F.3d 699, 705 (10th Cir. 2019) (internal quotations and citations omitted). However, under Fed. R. Crim. P. 14(a), a court may order separate trials if joinder appears to prejudice a defendant. *See Zafiro*, 506 U.S. at 538 (using Rule 14 as the standard for a severance); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991) (applying Rule 14 to set the standard for severance).

The decision to sever is "within the sound discretion of the trial court," *Cox*, 934 F.2d at 1119, and thus a defendant "must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). Given this heavy burden, a criminal defendant has no constitutional right to severance unless there is a strong showing of

prejudice caused by a joint trial. *Cummings v. Evans*, 161 F.3d, 610, 619 (10th Cir. 1998). As a result, the prejudice standard envisioned by Rule 14 requires a showing of actual prejudice, not merely a showing that a defendant "may have a better chance of acquittal in separate trials." *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007).

To establish prejudice, a defendant must show that there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence. *Pursley*, 474 F.3d at 766 (quoting *Zafiro*, 506 U.S. at 539). Importantly, Rule 14 does not require severance even if prejudice is shown; rather, the rule "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. Thus, even if a defendant can show some actual prejudice, the trial court may "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *United States v. Peveto*, 881 F.2d 884, 857 (10th Cir. 1989).

Ultimately, a trial court that denies a request for severance will be reversed only where a defendant demonstrates an abuse of discretion. *See Pursley*, 474 F.3d at 765. Here, Defendant Gilman has not shown any such prejudice, as the "obviously important considerations of economy and expedition in judicial administration" are buttressed by the similarly clear and weighty facts that the government will call the same witnesses and present the same evidence to describe the facts of the case. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987) (warning against the impairment of "both the efficiency and the fairness of the criminal justice system" in holding separate trials "presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience of testifying").

Defendant Gilman claims that the joint trial would cause the jury to "judge him on him on his alleged proximity to Leyva." Doc. 155 at 5. On the contrary, a joint trial will give the jury a complete picture of the single factual narrative, from the high-speed chase and shooting at a state police officer to the arrest of both Defendants. *See Buchanan v. Kentucky*, 483 U.S. 402, 418 (1987) ("In joint trials, the jury obtains a more complete view of all facts underlying the charges than would be possible in separate trials. From such perspective, it may be able to arrive more reliably at its conclusions."). *See Richardson*, 481 U.S. at 210 (stating that joint trials "enabl[e] more accurate assessments of relative culpability—advantages which sometimes operate to the defendant's benefit."). Moreover, the interests of justice in this case are further served by a joint trial because it will avoid the situation where the "last tried defendant" has an unjust advantage by observing the government's case and hearing a witness's testimony in advance. *Id.*; *see also United States v. Gambino*, 729 F.Supp. 954, 971 (S.D.N.Y. 1990) (*aff'd* 968 F.2d 227 (2d Cir. 1992)). Thus, Defendant Gilman's motion should be denied.

**B. Appropriate Jury Instructions Will Address Any Prejudice to Defendant from a Joint Trial Rule**

Defendant Gilman claims that he will be unduly prejudiced by the joinder of charges because the evidence against each Defendant is different. *See* Doc. 155 at 7-8. However, the evidence that led each Defendant to be charged as a felon in possession of a firearm or ammunition is nearly identical. Except for distinct prior convictions for the respective Defendants and the fact that Defendant Leyva's DNA was on one of the firearms, the government's witnesses and evidence are the same.

Defendant Gilman alleges that leaving the counts joined will prejudice him because if he decides to testify, he will be subjected to cross-examination about the charge against Defendant Leyva. Doc. 155 at 9. First, if he takes the stand he will be cross-examined and once he takes

the stand, he voluntarily waives his Fifth Amendment right. "By choosing to testify, however, the defendant gives up his right to refuse to answer questions that fall within the proper scope of cross examination." *United States v. Spinelli*, 551 F.3d 159, 166-67 (2d Cir. 2008) (citing *Rogers v. United States*, 340 U.S. 367, 371 (1951)). "As the Supreme Court explained, a witness may not pick and choose what aspects of a subject to discuss; if allowed to draw the boundaries of his testimony anyplace he chooses, the defendant would be able to distort the facts." *Spinelli*, 551 F.3d at 167 (citing *Mitchell v. United States*, 526 U.S. 314, 321-22 (1999). "[W]hen a defendant takes the stand in his defense, he surrenders his Fifth Amendment privilege for proper cross-examination but not for questions which go outside the bounds of proper cross-examination." *Id*. Thus, questions related to the events of August 3, 2020, are within the proper scope of cross-examination at trial. Second, the inference that his testimony would be different if he is tried separately from Defendant Leyva is puzzling. Thus, Defendant Gilman's argument does not support a severance of his case.

Further, any prejudice Defendant Gilman may perceive can be cured with a limiting instruction. For instance, Tenth Circuit Criminal Pattern Jury Instruction 1.22 is routinely given in cases of multiple defendants and multiple counts. To address any evidence that may be presented at trial that is admissible only against one of them, Defendants can request further instructions as appropriate.

## CONCLUSION

Defendant Gilman has failed to make any showing that would justify ignoring the considerable policies that favor of joint trials of persons charged together in the same indictment.

The Court should therefore decline to sever the trials of Defendants.

                                                  Respectfully submitted,

                                                  ALEXANDER M.M. UBALLEZ
                                                  United States Attorney

                                                  *Electronically filed 12/22/2023*
                                                  RAQUEL RUIZ-VELEZ
                                                  BLAKE NICHOLS
                                                  Assistant United States Attorneys
                                                  P.O. Box 607
                                                  Albuquerque, New Mexico  87103
                                                  (505) 346-7274
                                                  (505) 346-7296 fax

I HEREBY CERTIFY that on the 22nd
day of December, 2023 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/*_____
Raquel Ruiz-Velez
Assistant U.S. Attorney